■ In the Matter of the Claim of BETTY KETCHAM, Respondent, against HOTEL HUNTINGTON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant sustained an injury to her back in the course of employment in 1945; for some time thereafter she apparently was out of the labor market. She made a claim for compensation in 1950. The award here involved is for permanent partial disability from March 26, 1957 to October 18, 1957. There is adequate proof that medical care was furnished claimant by the employer and that she was sent to a doctor by the employer after the injury. The employer itself in a report to the board on March 28, 1945 stated that it had provided "medical attention". There is some proof indicating that claimant was given lighter duties after the accident. Thus there could be found to have been an advance payment of compensation which could operate to avoid the running of the time limits for filing a claim within section 28 of the Workmen's Compensation Law. The main problem presented on appeal is the opportunity of appellants to contest the medical proof of disability for the period for which the award has been made. This proof rests on one medical report, unsigned by the physician who made it; and on another report by a physician. The appellants objected to the medical reports because of the lack of opportunity to examine these physicians; but this was overruled apparently because the Referee was deciding on the merits against the claimant. On the claimant's application for review of the Referee's decision before the board its attention was called to the objections to the absence of testimony by the doctors. The board reversed the Referee and remitted the claim for hearing and there was again objection to the consideration of the medical reports without having the doctors' testimony. In this state of the record, if the board intended to direct an award, it ought to have made provision for examination of the medical witnesses as requested by the appellants. Award reversed and claim remitted, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of ELIAS CASTENEDA, Respondent, against HERZL TEXTILE DYERS, INC., et al., Respondents, and PRINTUFT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer Printuft, Inc. and its insurance carrier from a decision and award of the Workmen's Compensation Board. Claimant became disabled on October 25, 1954 by reason of dermatitis contracted in his employment by respondent Herzl, whose carrier paid compensation to June 4, 1956. On the latter date claimant entered the employ of appellant Printuft and worked until June 15, 1956. The board found a flare-up of the condition during the period of the Printuft employment and made an award for the period June 15, 1956 to August 14, 1956 against Printuft alone and an award for a period subsequent to August 14, 1956 against both employers. Appellants correctly contend that there is no evidence relating any part of the disability after August 14, 1956 to the Printuft employment. In fact, the only evidence as to relationship after that date was adduced from a physician who testified that, "Clinically he had gone back to his condition prior to the time he went to work for Printuft." The doctor had previously reported that as of August 13, 1956 the eruption was "much better" and claimant had "returned to a status quo ante." Our conclusion renders academic the questions posed by a a second purported appeal. Decision and award reversed and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against respondents employer and carrier. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.